# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| JIBRI CUNNINGHAM, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Case No. 2:22cv358 |
| | ) | |
| | ) | |
| WARDEN H. QUAY, | ) | |
| | ) | |
| **Respondent.**[1] | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Jibri Cunningham's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, Petitioner's Motion for Summary Judgment, ECF No. 16, and Respondent Warden H. Quay's ("Respondent") Motion for Summary Judgment and accompanying memorandum, ECF Nos. 8, 9. The Motions were referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion for Summary Judgment, ECF No. 8, be **GRANTED**, Petitioner's Motion for Summary Judgment, ECF No. 16, be **DENIED**, and the

---

[1] Petitioner named H. Quay, Warden of FCC Allenwood, as the Respondent in this Petition. After filing, Petitioner was transferred to FCI Petersburg, located in the Eastern District of Virginia. ECF No. 2. In several filings, Respondent noted that David Leu, Warden of FCI Petersburg, should be substituted for H. Quay, due to Petitioner's transfer. *See* ECF No. 9 at 1. Respondent has failed to file a Motion to Substitute, nor has he edited the case caption to reflect the correct Respondent. As such, the Court has retained the original case caption.

Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## I.        FACTUAL AND PROCEDURAL BACKGROUND

The factual history giving rise to the instant Petition is undisputed.  On March 11, 2014, Petitioner was arrested and charged with criminal trespass by Pennsylvania authorities in the Delaware County Court of Common Pleas.  ECF No. 1 at 1; ECF No. 9 at 2.  On April 11, Petitioner was released on bond.  ECF No. 1 at 1; ECF No. 9 at 2.  On August 22, 2014, Petitioner pleaded guilty, and the court considered his time-served sentence satisfied, placing Petitioner on probation. ECF No. 1 at 1; ECF No. 9 at 2.

On September 26, 2014, Petitioner was arrested, charged with burglary, and detained by Pennsylvania's Montgomery County Court of Common Pleas (Case No. CR0007639-2014).  ECF No. 1 at 1; ECF No. 9 at 2.  On December 10, 2014, Petitioner was charged in the same court with a second burglary (Case No. CR-0000808-2015).  ECF No. 1 at 1; ECF No. 9 at 2.

On March 26, 2015, Petitioner was indicted in the United States District Court for the Eastern District of Pennsylvania on federal charges of robbery and brandishing a firearm.[2]  ECF No. 1 at 1; ECF No. 9 at 2.  The federal charges arose from Petitioner's conduct on December 27, 2013.  ECF No. 1 at 1; ECF No. 9 at 2.  On April 6, 2015, Petitioner was transferred to the temporary custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum*.  ECF No. 9 at 2–3; ECF No. 16 at 2.  Petitioner waived his detention hearing and was remanded into custody.  ECF No. 1 at 1.

In August of 2015, Petitioner pleaded guilty in his federal case.  *United States v. Cunningham*, 2:15cr119 (E.D. Pa. Aug. 26, 2015); ECF No. 9 at 3.  In May of 2016, Petitioner

---

[2] Petitioner claims he was indicted on April 6, 2015, ECF No. 1 at 1, while Respondent believes Petitioner was indicted on March 26, 2015, ECF No. 9 at 2.  A search of the Eastern District of Pennsylvania's docket reveals that the indictment was filed on March 26, 2015.  *United States v. Cunningham*, 2:15cr119 (E.D. Pa. 2015).  Regardless, the date Petitioner was federally indicted is immaterial to his claims.

also pleaded guilty in both Pennsylvania case No. CR-0007639-2014 and No. CR-0000808-2015. ECF No. 9 at 3.

On May 10, 2017, Petitioner was sentenced in federal court to 114 months of imprisonment. ECF No. 9 at 3; ECF No. 16 at 3. The federal judge ordered Petitioner's sentence commence immediately and run concurrently with his forthcoming state sentences. ECF No. 9 at 3; *see* ECF No. 16 at 3. At sentencing, the federal judge did not make any adjustments pursuant to United States Sentencing Guidelines § 5G1.3 to reflect Petitioner's pre-sentence incarceration. ECF No. 9, attach. 1 ¶ 32. Petitioner was then remanded to state custody. ECF No. 9 at 4; ECF No. 16 at 3.

On July 7, 2017, Petitioner was sentenced in Montgomery County Court to a minimum term of 6 years and 6 months and a maximum term of 15 years of incarceration. ECF No. 9 at 4; ECF No. 16 at 3. At the time of his state sentencing, the Pennsylvania Department of Corrections applied 1,016 days of prior custody credit to Petitioner's state sentence. ECF No. 9 at 4. In 2018, while still in state custody, Petitioner also received a 660-day sentence for violating his supervision in Case No. CR-0002196-2014. *Id.* at 5.

The full-term expiration date of Petitioner's federal sentence is November 9, 2026, and with good time credit, Petitioner's projected release date is June 14, 2025. ECF No. 9 at 4. The full-term expiration date of Petitioner's state sentence is July 6, 2032. *Id.*

There is no dispute that Petitioner properly exhausted the administrative remedies available to him through the Bureau of Prisons ("BOP"). ECF No. 9 at 1 n.2. After the BOP issued Petitioner a final denial, he filed a Petition for Writ of Habeas Corpus on April 27, 2022. ECF No. 1. Petitioner originally filed this action in the Eastern District of Pennsylvania, but his Petition was transferred to this Court when Petitioner was relocated to FCI Petersburg. ECF No. 2. In the

instant action, Petitioner seeks credit for pre-sentence custodial time totaling 855 days (or approximately 28 months),[3] encompassing the date he claims he was arrested on federal charges, January 6, 2015, through day prior to his federal sentencing, May 9, 2017. *See* ECF No. 1 at 1. Petitioner argues "his presentence custodial time ha[s] not been credited towards his sentence [because his] projected release date is June 2025 and should be February 2023." *Id.* at 2. Petitioner claims "[t]he lack of presentence credit grossly increases [his] 9.5 [year] sentence to 12 years 9 months." *Id.*

On September 6, 2022, this matter was referred to the undersigned. ECF No. 3. Petitioner filed a Motion for Summary Judgment on September 26, 2022, which was denied as premature. ECF Nos. 4, 19.   Respondent filed a Motion for Summary Judgment and accompanying memorandum in support on March 1, 2023. ECF Nos. 8–9. On April 18, 2023, Respondent filed a response to Petitioner's original Motion for Summary Judgment and a reply in support of its Motion for Summary Judgment. ECF No. 14. On April 20, 2023, Petitioner filed a second Motion for Summary Judgment and an opposition to Respondent's Motion for Summary Judgment. ECF Nos. 16, 17. Accordingly, the motions are ripe for recommended disposition.

## II.    STANDARD OF REVIEW

The entry of summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a

---

[3] A declaration attached to Respondent's Memorandum in Support of Summary Judgment mistakenly states that Petitioner is seeking 957 days of credit, encompassing the time between September 26, 2014, and May 9, 2017. ECF No. 9, attach. 1 ¶ 23.  Respondent is clear elsewhere though, that the relevant time at issue is January 6, 2015, the date Petitioner contends he was arrested on federal charges, through the day prior to his federal sentencing, May 9, 2017.  Petitioner includes the date of May 10, 2017, in his request for pre-sentence custodial credit. *See* ECF No. 1 at 1.  However, Petitioner's sentence began on May 10, 2017, so it is excluded from the pre-sentencing custodial credit calculation.

matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To defeat a motion for summary judgment, the nonmoving party must show there is a genuine issue for trial. *Id.* at 324. Conclusory statements, without specific evidentiary support, are insufficient. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). Rather, "there must be evidence on which the jury could reasonably find for the [party]." *Anderson*, 477 U.S. at 252.

### III.    DISCUSSION

Before evaluating the merits of Petitioner's 18 U.S.C. § 2241 claim for habeas relief, this Court must ascertain whether it has jurisdiction over that claim.

1. 18 U.S.C. § 2241

Section 2241 petitions, such as the instant Petition, "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the . . . computation of a prisoner's sentence by prison officials." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). Because the purpose of a § 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir.), *cert. denied,* 484 U.S. 956 (1987)). Respondent agrees that § 2241 is the proper vehicle for asserting this type of claim. ECF No. 9 at 7. As the instant Petition challenges the computation of Petitioner's sentence by the BOP, falling within the purview § 2241, the undersigned **FINDS**

that this Court has jurisdiction to consider the claims therein.

### 2. Exhaustion

It is not within a federal court's authority to conduct calculations for pre-sentence custodial credit at the time of sentencing, as that power falls to the attorney general and is executed through the BOP. *United States v. Wilson*, 503 U.S. 329, 333 (1992). However, once all available administrative remedies are exhausted, *see e.g.*, 28 C.F.R. §§ 542.10-542.16, incarcerated individuals can seek judicial review of the BOP's pre-sentence custodial credit calculation through filing a writ habeas corpus pursuant to § 2241. *Wilson*, 503 U.S. at 335. It is undisputed that Petitioner has fully pursued his claim through the BOP's prescribed administrative remedy scheme, ECF No. 9 at 1 n.2, and so the question of whether the BOP correctly calculated Petitioner's pre-sentence custodial credit is now properly before this Court.

### 3. Pre-sentence Custodial Credit

Petitioner's argument that he is entitled to receive credit against his federal sentence for pre-sentence custodial time served between January 6, 2015, and May 9, 2017, is without merit. The BOP has sole authority to calculate federal sentences of incarceration. *Wilson,* 503 U.S. at 335. In calculating any sentence, the BOP "must make two separate determinations: (1) the date on which the federal sentence commences, and (2) the extent to which the defendant can receive credit for prior time spent in custody." *Dixon v. Wilson*, No. L:14cv384, 2015 WL 164595, at *2 (E.D. Va. Jan. 13, 2015) (quoting *Chambers v. Holland,* 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd,* 100 F.3d 946 (3d Cir. 1996)).

There is no dispute regarding the BOP's first determination. Petitioner and Respondent agree that Petitioner's federal sentence began on May 10, 2017, the date it was imposed. ECF No. 9 at 7 n.4; ECF No. 16 at 2. Rather, Petitioner takes issue with the BOP's second determination regarding the extent to which he can receive credit for prior time spent in custody. Petitioner

6

concedes that he was granted credit for his pre-sentencing custodial time.  ECF No. 1 at 5 ("The

petitioner's incarceration time from January 6, 2015, through May 10, 2017 (28 months) had been

credited to other sentences already upon re-arrival to USMS custody in April 2021.").  Despite

that acknowledgement, Petitioner is seeking to apply his pre-sentence custodial time towards *both*

his state and federal sentences, arguing that his sentences should be "[n]ot partially concurrent, but

fully." ECF No. 17 at 6.

Petitioner's argument appears to be that the BOP should have calculated his federal

sentence immediately upon its imposition. *See* ECF No. 16 at 5–6.  Had they done so, Petitioner

argues, the pre-sentencing custodial credit would have been available for his federal sentence, as

the state sentencing and calculation had not yet occurred. *Id*.  Petitioner contends he then would

have received the pre-sentence custodial credit towards his federal sentence *and* his state sentence

once imposed. *Id*.

Petitioner's argument is plainly disallowed by the relevant statutes.  Title 18 of the United

States Code § 3585 provides:

> (a) Commencement of sentence – A sentence to a term of imprisonment
> commences on the date the defendant is received in custody awaiting transportation
> to, or arrives voluntarily to commence service of sentence at, the official detention
> facility at which the sentence is to be served.
> (b) Credit for prior custody – A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior to
> the date the sentence commences –
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after
> > the commission of the offense for which the sentence was imposed;
> ***that has not been credited against another sentence***.

18 U.S.C. § 3585 (emphasis added).  Particularly relevant to the issues raised by the Petition is the

final provision of § 3585: "that has not been credited against another sentence."  Pennsylvania has

an analogous provision in its own sentencing scheme, codified at 42 Pa. Cons. Stat. § 9760(4):

7

> If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge ***that has not been credited against another sentence.***

42 Pa. Cons. Stat. § 9760(4) (emphasis added).

Here, Petitioner's claim that he is entitled to federal credit for the 855 days of incarceration prior to his federal sentencing fails because that time was already counted towards "another sentence," namely, his two state court sentences. *See e.g., United States v. Wilson*, 503 U.S. 329, 334 (1992) ("The final phrase of § 3585(b) confirms this interpretation.  As noted above, it authorizes credit only for time that 'has not been credited against another sentence.'"); *United v. Goulden,* No. 94–5389, 1995 WL 298086, at *2 n.3 (4th Cir. 1995) ("Credit is only available for time spent in custody which has not been credited against another sentence."); *United States v. Brown,* No. 91–5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.").

Even if the BOP calculated Petitioner's federal sentence on the date of imposition and awarded the 855 days of pre-sentencing custodial time, Pennsylvania's statute would have prohibited the Petitioner for receiving state credit for that same time. *See, e.g., Taglienti v. Dep't of Corr.*, 806 A.2d 988, 992 (Pa. Commw. Ct. 2002) (explaining that § 9760(4) "makes it clear that time credit on a sentence can only be given when it has not already been credited against another sentence"); *Marrow v. Lawler*, No. 1:19-CV-1690, 2021 WL 1906406, at *8 (M.D. Pa. May 12, 2021), *aff'd,* No. 21-2063, 2022 WL 795426 (3d Cir. Mar. 15, 2022) ("Defendants could not lawfully have calculated Plaintiff's Pennsylvania sentences to credit him for time that was already credited to his New Jersey sentence.").  Stated differently, under both the federal and

Pennsylvania sentencing statutes, Petitioner can only receive credit for his pre-sentence custodial time once.

Furthermore, to the extent that Petitioner argues he should receive an adjustment for time spent in federal court pursuant to a writ of habeas *corpus ad prosequendum*, his argument must fail. *See* ECF No. 1 at 1. Under *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992), any time spent in federal custody under such a writ merely constitutes a "loan" and not a formal transfer of custody, and thus, no credit may be given.

Finally, to the extent Petitioner argues the BOP should award him pre-sentence custodial credit because he could have received such credit pursuant to United States Sentencing Commission, Guidelines Manual § 5G1.3, *see* ECF No. 1 at 5–6, that argument must also fail. Only the sentencing court may award credit pursuant to § 5G1.3. U.S. Sentencing Commission, Guidelines Manual, § 5G1.3(b); ECF No. 9, attach. 1 ¶ 32. It is undisputed that the district court imposing Petitioner's sentence did not award such credit, and as such, none may be given now. *See* ECF No. 9, attach. 7.

4. Exceptions to Pre-sentence Custodial Credit

There are two exceptions, known as the *Willis* and *Kayfez* exceptions, to the standard rule that double credit may not be granted for a defendant's pre-sentence custodial time. Respondent represents, and Petitioner concedes, that neither exception applies to this case. ECF No. 9 at 10–12 ("Petitioner concedes that that this case does not fall in the line of Willis/Kayfez credits, according to the BOP's Willis/Kafez worksheet calculations."); ECF No. 16 at 3. Nonetheless, the Court will address each exception in turn.

     i.   The *Willis Exception does not apply to Petitioner's case.*

The first exception to the standard prohibition on double credit for pre-sentencing custodial

credit is a grant of credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

> Under *Willis*, BOP may grant prior custody credit, even where it results in a double-credit toward a state sentence, when two conditions are met: "(1) a prisoner's state [and] federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date."

*Winston v. Stansberry*, No. 3:10cv631, 2011 WL 2693383, at *2 (E.D. Va. July 11, 2011) *aff'd*, 472 F. App'x 199 (4th Cir. 2012) (quoting *Willis*, 438, F.2d at 925). If both conditions are met, then "credit is given toward the federal sentence for time spent in state presentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence." *Id.* However, "[t]hese credits are only available for 'time spent in non-federal presentence custody, before either a state or federal sentence is imposed.'" *Lee v. Wilson*, No. 1:15cv139, 2015 WL 6759456, at *5 (E.D. Va. Nov. 5, 2015) (quoting *Hargrove v. Wilson*, No. 3:14cv75, 2015 WL 459224, at *4 (E.D. Va. Feb. 3, 2015)).

Petitioner correctly concedes that he does not meet the criteria to receive a grant of credit pursuant to *Willis*. ECF No. 16 at 3. Petitioner's federal expiration full term ("EFT") is November 9, 2026. ECF No. 9, attach. 1 ¶ 25. Petitioner's state EFT is July 6, 2032. *Id.* ¶ 26. Because Petitioner's state EFT is later than his federal EFT, he does not qualify for *Willis* credit.

      ii.    The *Kayfez* *exception does not apply to Petitioner's case.*

Petitioner similarly does not qualify for credit pursuant to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Under *Kayfez*, the BOP may grant prior custody credit, even if it results in double credit, when:

> [(1)] the non-federal and federal sentences are concurrent, [(2)] the Raw EFT [effective full term] of the non-federal term is greater than the Raw EFT of the federal term, and . . . [(3)] the non-federal Raw EFT, after application of the qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT.

*Frazier v. Wilson*, No. 3:16cv933, 2018 WL 661485, at *3 (E.D. Va. Feb. 1, 2018) (quoting BOP

Program Statement 5880.28, P. 1–22B through 1–22C). To establish whether an individual is eligible for *Kayfez* credits, the BOP compares the state EFT, less the qualified pre-sentence custodial credit, with the federal raw EFT. ECF No. 9, attach. 1 ¶¶ 29–30. If the adjusted state date is earlier than the federal raw EFT, the individual is eligible for *Kayfez* credit. *Id.*

The BOP reviewed Petitioner's federal sentence computation for *Kayfez* credit and found he did not meet the criteria. *Id.* ¶ 30; ECF No. 9, attach. 7. As explained above, Petitioner's federal raw EFT is November 9, 2026, and his state raw EFT is July 6, 2032. The BOP considered the relevant time frame to be September 26, 2014 (the date of Petitioner's arrest by Pennsylvania authorities), through May 9, 2017 (the day before Petitioner's federal sentencing), totaling 957 days.[4] ECF No. 9, attachs. 1, 16, 17. When 957 days are subtracted from Petitioner's state raw EFT, the adjusted EFT becomes November 22, 2029. ECF No. 9, attach. 1 ¶ 30. As the state adjusted EFT, November 22, 2029, is still not earlier than the federal raw EFT of November 9, 2026, Petitioner does not qualify for *Kayfez* credit.

## IV.    RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion for Summary Judgment, ECF No. 8, be **GRANTED**, Petitioner's Motion for Summary Judgment, ECF No. 16, be **DENIED**, and that the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

## V.    REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific

---

[4] The BOP used an expanded date range for its calculations. Applying the Petitioner's requested date range of 855 days (January 6, 2015, through May 9, 2017), the non-federal adjusted date is March 4, 2030. March 4, 2030, is still not earlier than the federal raw EFT. As such, either time range results in the same denial of *Kayfez* credit, as neither state adjusted EFT is earlier than Petitioner's federal raw EFT.

written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 29, 2024